WILLIAM A. GUNN, Respondent, v. CHARLES T. LOVELL, Appellant.

St. Louis Court of Appeals, February 1, 1898.

Evidence: FINDING. When there is substantial evidence supporting the finding and judgment of the court in a cause, the judgment will be affirmed, unless it affirmatively appears from the record that legal error intervened on the trial of the cause.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Morrow & Morrow* for appellant.

A lease to two persons as partners, providing for a renewal at the end of the term is not renewed by the holding over of one of the partners after the dissolution of the firm. *Buchanan v. Whitman*, 45 N. E. Rep. 556; *James v. Pope*, 19 N. Y. 324.

Unless as a matter of fact the sole issue was a matter of law only, the court erred. *McCarthy v. R'y*, 15 Mo. App. 388; R. S. 1889, secs. 2131, 2133; *R. R. v. Almeroth*, 13 *Id.* 98; *Wolff v. Shaeffer*, 4 *Id.* 370; *Thomas v. R. R.*, 109 Mo. 217.

*James W. Reynolds* for respondent.

If the court's action in discharging the jury was improper appellant should have interposed an objection. Having submitted to the action of the court without objection it is too late to' complain. *Leitch v. Miller*, 40 Mo. App. 188; *Estes v. Fry*, 94 Mo. .271.

The court's finding on the facts is not reviewable in this court, but the finding of the court below will

be taken as the facts in the cause, if that finding is supported by any evidence. *Garrett v. Conkling*, 52 Mo. App. 654; *Pilkin v. Mott*, 56 *Id.* 402; *Griffith v. Material Co.*, 46 *Id.* 544; *Warren v. Maloney*, 39 *Id.* 296; *Hamilton v. Boggs*, 63 Mo. 251; *Rice v. Arnold*, 58 Mo. App. 99.

The cause was tried by the court without a jury, and no declaration of law having been asked or given, it will be presumed that the lower court entertained correct views of the law. *Johnson v. Suhlman*, 15 Mo. App. 659; 88 Mo. 567; *Lee v. Mead*, 9 Mo. App. 597; *Gentry v. Templeton*, 47 *Id.* 58; *Pearson v. Gillett*, 55 *Id.* 318; *Smith v. Finn*, 77 Mo. 499. See, also, *Harrison v. Bartlett*, 51 Mo. 170; *Garrison v. Lyle*, 38 Mo. App. 566; *Thies v. Garbe*, 88 Mo. 149; *Parkinson v. Cappinger*, 65 *Id.* 294; *Hammons v. Renfrow*, 84 *Id.* 344; *Claflin v. Burkhart's Adm'r*, 43 Mo. App. 229; *Tyler v. Larimore*, 19 *Id.* 458; *Cunningham v. Snow*, 82 Mo. 593; *Harrington v. Minor*, 80 *Id.* 270.

BOND, J.—Plaintiff leased a store building, warehouse and appurtenances in Louisiana, Missouri, to A. G. Lewis and defendant for a term of one year, beginning the twenty-fifth of July, 1892, at $30 per month, payable in advance on the first day of each month. The lease further provided for an annual renewal of its terms by the lessees for a period of four years. This action is for $60, the rent of said premises from December 25, 1895, to February 25, 1896. It was begun before a justice, where plaintiff had a judgment against both of the lessees. The defendant duly appealed to the circuit court, where the cause was tried by the court without a jury and a judgment rendered for plaintiff, from which defendant appealed.

During the progress of the trial the following question was asked and answered: By the court: "Are there

EVIDENCE: finding. any facts in dispute." Counsel for defendant: "Nothing except in the matter of payment. It seems to me a legal proposition." There was testimony tending to show that the rent in question had not been paid. The testimony was conflicting as to whether plaintiff had notice of the dissolution of a copartnership business conducted by the lessees in the premises before the accrual of the rent sued for. It was further shown that the possession of the premises were not tendered or restored to plaintiff until the eleventh of February, 1896. No declarations of law were asked or given. The court made a finding of facts, reciting, among other things, the waiver of a jury, and rendered judgment upon such finding in favor of plaintiff.

Under this state of the record, there being substantial evidence supporting the finding and judgment of the court, the judgment must be affirmed, unless it can be affirmatively gathered from the record, that legal error intervened on the trial. Appellant assigns such error on account of the discharge of the jury. This assignment is not well taken. The record nowhere shows that appellant excepted to the discharge of the jury at the time the order was made. It further shows in the finding of facts and judgment thereon by the court that a jury was waived and also that appellant in answer to the inquiry of the court stated in effect that the only issue, as it seemed to him, was one of law. Appellant complains in a general way as to the exclusion of a question propounded to his witness on the subject of a proposed compromise. There is no pretense that any compromise was agreed upon between the parties, hence any evidence on that subject was irrelevant. The judgment herein is affirmed. All concur.